# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50848
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO GUTIERREZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1949-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Francisco Gutierrez-Garcia (Gutierrez) appeals the 44-month within-guidelines sentence he received following his guilty plea to illegal reentry. Gutierrez argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe in light of his difficult personal history, his benign motives for returning, and his minimal criminal history.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50848

Additionally, Gutierrez asserts that his sentence is not entitled to a presumption of correctness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based, as it gives undue weight to a defendant's prior convictions.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). As he concedes, Gutierrez's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Furthermore, Gutierrez's sentence, which is in the middle of the applicable guidelines range, is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Gutierrez has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentence of 44 months in prison. *See Gall*, 552 U.S. at 51. Consequently, the judgment of the district court is AFFIRMED.

2